164 F.3d 430
 78 Fair Empl.Prac.Cas. (BNA) 1153,
74 Empl. Prac. Dec. P 45,718,
75 Empl. Prac. Dec. P 45,718, 131 Ed. Law Rep. 677
 Gary GOSS, Appellant,
v.
STATE OF ARKANSAS; University of Arkansas, of the State of
Arkansas; University of Arkansas Cooperative
Services; and University of Arkansas
Board of Trustees, Appellees.
 No. 97-3646.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 17, 1998.
Decided Jan. 6, 1999.
 
 D. Eric Sowers, St. Louis, MO, argued, for appellant.
 Jeffery A. Bell, Little Rock, AR, argued (Melissa K. Rust, on the brief), for appellee.
 Before BEAM, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 Gary Goss brought this action pursuant to the Age Discrimination in Employment Act, see 29 U.S.C. §§ 621-634, against the State of Arkansas, the University of Arkansas, the University of Arkansas Cooperative Extension Service, and the University of Arkansas Board of Trustees. The defendants moved for summary judgment on the ground, inter alia, that they were immune from suit under the Eleventh Amendment, and Mr. Goss countered that Congress had specifically made the several states subject to suit for age discrimination in 29 U.S.C. § 630(b)(2). The district court, relying on its previous decision in Hawn v. Sugg, No. LR-C-95-831 (E.D.Ark. 1997), rev'd, No. 97-2613, 1998 WL 813823 (8th Cir. 1998) (per curiam), held that the abrogation of Eleventh Amendment immunity contained in the statute was a constitutional exercise of congressional authority, and thus denied the defendants' motion for summary judgment.
 
 
 2
 We recently ruled in Humenansky v. Regents of the University of Minnesota, 152 F.3d 822, 828 (8th Cir.1998), that § 630(b)(2) does not in fact abrogate Eleventh Amendment immunity and, moreover, that even if it purported to, it could not have been enacted pursuant to the power of Congress to enforce the Fourteenth Amendment and thus would have been unconstitutional. Humenansky is on all fours with this case and disposes of it entirely.
 
 
 3
 We therefore reverse the judgment of the district court and remand for such further proceedings, if any, as the district court finds are not inconsistent with this opinion.